UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTRYMAN NEVADA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-1381 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| DOES 1-46, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Countryman Nevada, LLC, brought suit in this Court against Does 1-46, alleging copyright infringement of the movie, "Charlie Countryman" a/k/a "The Unnecessary Death of Charlie Countryman." On March 24, 2014, the Court granted subpoena power to ascertain the names and addresses of Defendant Does by using their associated Comcast IP addresses. The subpoena was served on Comcast Cable. This matter comes before the Court on Defendant Doe's Protective Motion to Quash or to Vacate Subpoena. For the reasons stated below, the Motion to Quash or to Vacate Subpoena is denied.

## BACKGROUND

On February 26, 2014, Countryman filed a Complaint, alleging copyright infringement against Defendants, Does 1-46, in violation of 17 U.S.C. §101 *et. seq.* Specifically, Plaintiff alleges that Defendants Does illegally acquired and transferred the movie, "Charlie Countryman," by installing special software used to illegally download or upload copyrighted material. (Compl., ¶¶ 1, 4). Countryman used geolocation technology to trace the IP addresses of each Defendant Doe to a point of origin in Illinois. (Dkt. No. 9).

On March 14, 2014, Plaintiff moved for leave to take discovery prior to the Rule 26(f) conference. (Dkt. No. 8). Plaintiff subpoenaed Comcast Cable to obtain certain information associated with the Internet Protocol ("IP") addresses taking part in the illegal file-sharing. (Dkt. No. 9). Plaintiff's subpoenas are limited to the name and current address associated with the IP address. *Id.* On March 25, 2014, the Court granted Plaintiff's motion. (Dkt. No. 11). Thereafter, Defendant Doe ("Defendant") moved to quash or vacate the subpoena, claiming that the subpoenaed information unduly burdens Defendant and compromises the judicial process. (Dkt. No. 15, ¶¶ 5, 6).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 45(c)(3)(A), a motion to quash must be granted if: (i) a subpoena that fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A). A party moving to quash bears the burden of demonstrating that a subpoena falls within one of these above-listed categories. *Pacific Century Int'l, Ltd. v. Does 1-37,* 282 F.R.D. 189, 193 (N.D. Ill. 2012). The decision to quash a subpoena is within the court's sound discretion. *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992).

**ANALYSIS**

Countryman's subpoena does not subject Defendant to an undue burden. The evaluation of whether a subpoena imposes an undue burden on defendant balances the burden of compliance with the subpoena against the benefit of production of the material sought.

2

*Nw. Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 927 (7th Cir. 2004). Defendant asserts his financial stability and reputation will be damaged beyond the benefit of allowing Plaintiff to obtain the name and address identified with Defendant's associated IP address. Several courts have held that a defendant cannot claim an undue burden from a subpoena directed at a third party. *See Sunlust Pictures, LLC v. Does 1-75*, 12-cv-1546, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012); *Hard Drive Productions, Inc. v. Does 1-48*, No. 11-cv-9062, 2012 WL 2196038, at *3 (N.D. Ill. June 14, 2012); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011); *Media, LLC v. Reynolds*, No. 12-cv-6672, 2013 WL 870618, at *6 (N.D. Ill. 2013).

Defendant claims that the financial consequences of litigating this "bogus lawsuit" is an undue burden, as Defendant did not participate in an infringement action. (Dkt. No. 15, ¶ 5). However, this claim is not grounds to quash an existing subpoena. "[A] subpoena cannot be quashed on the basis of general denial of liability." *First Time Videos, LLC. v. Does 1-76,* 2 F.R.D. 254, 256 (N.D. Ill. 2011). Further, "[i]nsofar as IP address holders may contend that they were not the infringing parties, such arguments go to the merits of the action and are 'not relevant as to the validity or enforceability of a subpoena.'" *The Thompsons Film, LLC v. Does 1-60*, No. 13-cv-2369, 2013 WL 4805021, at *3 (N.D.Ill. Sept. 6, 2013).

Allowing Plaintiff to obtain the name and address identified with Defendant's associated IP address will not cause Defendant an undue financial burden. As an initial matter, a defendant's potential financial liability "is irrelevant to the question of whether the subpoena comports with Rule 45." *TCYK, LLC v. Doe*, No. 13-cv-6770 (N.D. Ill. Jan. 24, 2014). For example, in *Malibu Media LLC v. John Doe,* the Internet Service Provider was subpoenaed to provide plaintiff similar identification information associated with a specific IP address. *Malibu*

3

*Media LLC v. John Doe*, No. 13-cv-8484, 2014 WL 1228383, at *1 (N.D. Ill. March 24, 2014). The court determined subpoenaing ISPs for limited IP address information did not place an undue burden on the defendant because the defendant was "not required to do anything." *Malibu Media, LLC v. Reynolds*, No. 12-cv-6672, 2013 WL 870618, at *6 (N.D. Ill. 2013). Plaintiff has subpoenaed the records of Comcast Cable, not Defendant. The execution of the Plaintiff's subpoena will not burden Defendant financially, as the information is sought from a third party.

Nor does Plaintiff's subpoena significantly burden Defendant's reputation. "A defendant's potential for embarrassment does not outweigh a plaintiff's statutory right to protect its property interest in copyright." *Malibu Media, LLC v. John Does 1-14,* No. 12-cv-263, 2012 WL 6019259, at *8 (N.D. Ind. 2012). When the actual infringer is not properly identified by the registered IP address, the Court may allow the defendant to proceed anonymously. *TCYK, LLC v. Does 1-87*, No. 13-cv-3845, 2013 WL 3465186, at *4 (N.D. Ill. 2013). However, Defendant has not petitioned to proceed anonymously or by pseudonym.

Defendant alleges that Plaintiff's subpoenas are a "fishing expedition," which to some extent bears on the relevancy of the information sought. The information sought is particularly discoverable, as Plaintiff would "otherwise be unable to maintain . . . litigation, as it has no other way of identifying the defendants." *TCYK, LLC v. Does 1-87*, at *2. Any argument that the subpoena should be quashed because the information will not identify infringing parties "demonstrates a lack of understanding of the basic scope of discovery under federal rules… Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *reFX Audio Software, Inc. v.*

*Does 1-111*, 13-cv-1795, 2013 WL 3867656 (N.D. Ill. July 23, 2013) (citing Fed.R.Civ.P. 26(b)(1)). As discussed above, mere denial of liability will not quash a subpoena. *First Time Videos*, 2 F.R.D. 254 at 256.

Defendant further characterizes the present Complaint as being a "Troll case" brought with the intent to extract money from Defendants. However, calling Plaintiff a copyright troll, accusing them of extortion, and claiming they undermine the judicial process, does not support quashing the subpoena. *See Zambezia Film Pty, Ltd. v. Does 1-65*, 13-cv-1321, 2013 WL 4600385 (N.D. Ill. Aug. 29, 2013).

The request of limited information in the subpoena does not impose an undue financial burden on Defendant or a significant burden on his reputation, and the benefit of production of the material is high. Defendant has not met his burden under Rule 45(c)(3)(A).

## CONCLUSION

Defendant's Motion to Quash or to Vacate Subpoena [15] is denied.

Date: _____September 30, 2014_____     _____

JOHN W. DARRAH
United States District Court Judge

5